Good morning, Your Honors, and may it please the Court, my name is Brian Suchita and I represent Mr. Boevink, the petitioner in this case. This is an appeal which involves the admission of a Florida withheld adjudication, which was used to prove whether Mr. Boevink falsely stated in his Coast Guard application whether he had a conviction or not. Counsel, he had in fact three convictions, and two of them are not challenged on this appeal. So I have some difficulty understanding how your argument can help, even if we agreed with you, because there would still be two convictions that for the purpose of this appeal are unchallenged to exist, and yet he answered no to the question whether he had ever been convicted of a crime. I understand, Your Honor, I believe the indictment actually alleged three criminal convictions, two misdemeanors, and the Florida withheld adjudication. One of the prior alleged convictions, in fact, Judge Zille instructed the jurors that under Washington law was not actually even a crime. It would prejudice or it did prejudice the admission of the Florida withheld adjudication. It did prejudice Mr. Boevink, because as pointed out in the opening brief, and in fact, I think acknowledged by the government's brief, now, Mr. Boevink was interviewed by Chief Harris of the Coast Guard. And one of the things he told Chief Harris was, I thought that the Coast Guard was only interested in felony convictions, not the misdemeanor convictions. How could he possibly think that, in view of the definition of conviction that is contained right there on the form, the Florida place to answer yes or no? Well, the record doesn't actually establish why or how he would have thought that. And I think what the Court is really saying is that the argument is a weak argument, but I would still submit that it was an argument. Without excluding the withheld adjudication, that argument was totally gutted. He could not go forward in front of the jury and say, look, I thought, and the elements in fact said, did you knowingly, did you willfully make a material misstatement of fact? If he did not think that he had to report misdemeanors, I think the argument would be that he did not or the government did not prove willfulness and knowledge in making the statement. I should point out, in terms of the Court's question about the specific language in the questionnaire, in terms of how clear or not clear it is, and I think it does have bearing on what the district court did in its ruling on admitting to withheld adjudication, whether that was erroneous or not. Now, it was clear, and I don't think it was really contested, in the district court, and the district court had a law clerk do some research. Is a withheld adjudication in fact a conviction? It seems to me that it doesn't matter at all, because if this forum said, have you ever been convicted, and conviction includes an eggplant, then he has to include an eggplant, whether it says so in Florida or Nebraska or wherever, because it tells you they're looking for certain behavior in your past, and they're telling you exactly what they want to know. So why does it matter what the intricacies of some other State's law might be? I think that the district court erred in focusing only on the language, the withheld adjudication, and I think what happened is that the Court simply said, as long as we see withheld adjudication, we need go no further. But Excerpt of Record No. 16, which is the actual questionnaire page, it does say, have you ever been convicted? It defines conviction in a very lengthy way, but there is a first clause which says conviction means found guilty by judgment or by plea. Now, interestingly enough, that definition, and it goes on to include all these other things, but I would still submit that the withheld adjudication would still require a finding of guilt. Now, this is the exact same quandary found in Florida, in which the Florida courts were split on saying, is the withheld adjudication a conviction? Some of the courts said no, because there's actually not a finding of guilt. If you look through what was submitted as evidence in terms of proof of a conviction, and the Court used the word conviction in terms of the withheld adjudication, it is totally unclear. And I would submit that the record actually indicates that there was no conviction. What you see at Excerpts of Record No. 39 through 40, which involve the withheld adjudication, there is a plea statement. But other than the plea statement, there's nothing in terms of any type of finding of guilt. In fact, there, on the next page, it indicates that there's no finding of guilt. There's no judgment or sentence imposed in this case. The only thing that is entered is an order of probation. If you look at the very last page of the order of probation, which is Excerpt of Record No. 43, it in fact tells the person entering the withheld adjudication, if you violate a condition of probation, one of the things the court could do is it may adjudicate you guilty. And so I think that the ---- What do you make of the fact that your client actually admitted that he lied? He gave a reason for lying, but he seemed to understand the question, and he was answering it falsely. I think, I mean, the record is what it is, Your Honor. I really can't say much more than, in fact, the Court is correct. There was testimony that he did say that. And I do think it does go directly to the Court's question about what possible prejudice is there regarding any of the prior convictions. Is it you ---- Are you arguing that this question was ambiguous? I ---- Within what the Supreme Court has said is ambiguous. Well, I think there are two things. First, one could say it is not ambiguous in the sense that one argument we would ---- in fact, I just made was, well, it would require an actual finding of guilt. And so if you have documents or documentation that does not establish it, a finding of guilt such as a judgment or a conviction or some finding by a court, you could say that, well, the prior conviction is in fact not a conviction. Or, in fact, you could say it is ambiguous because it does use a specific language and it does confuse, are we simply looking at whether a withheld adjudication was actually entered and we don't care about whether there was a finding of guilt or does the questionnaire require a, as it says, conviction found guilty by a judge or by a court. And includes cases of deferred adjudication. That's true. But the way I read it, Your Honor, is it says ---- And deferred adjudication by definition means you haven't been found anything yet.  Well, the question, of course, is in the world of withheld adjudications, are there those where there is some type of ---- How would you draft it? Well, you could, in fact, instead of saying it means found guilty by judgment or plea and includes, you could have said or includes a withheld adjudication. Or entry of withheld adjudication. Because, in fact, they may be two different things in terms of an actual conviction or something or some document in which there is an actual entry or a finding of guilt versus a pleading or an order in which there is not. But, Your Honor, we would submit that in this case, one of the troubling aspects, of course, is that the prosecution went forward, although the district court could not really say that the adjudication was, in fact, a conviction. It's troubling in the sense that, obviously, this question is geared toward criminal convictions, not things that may or may not be a conviction or whether it's unclear. So we submit, Your Honor, in this case, you know, given the language of the questionnaire, the clear or indisputable fact that it is, in fact, unknown whether district court would never tell or determine whether that adjudication was, in fact, a conviction that the district court there. Thank you very much, Your Honor. Breyer. May it please the Court. My name is Helen Bruner. I'm here to represent the United States. And I will be brief in my remarks. I would simply point out to the Court that the question here is not ambiguous, and there's really two reasons why Mr. Boeving should have answered yes with respect to the withheld adjudication. As I would ask the Court to direct the Court's attention to Excerpt of the Record, page 16, which is the question, and it has in the parenthetical, conviction means guilty by judgment or by plea and includes cases of deferred adjudication, parens nullo contendere, adjudication withheld, et cetera, or where the Court required you to attend classes, make contributions of time, money, receive treatment, and submit in any manner of probation or supervision. And in this case, not only do we have Mr. Boeving answering a plea of guilty resulting in the adjudication withheld, but he was also sentenced to a six-month period of probation as part of the adjudication withheld. So under both of those possibilities here, he should have answered yes. I would submit to the Court that the question in this case is not ambiguous, and as a result, we don't have an answer that is literally true in the literal truth doctrine that's argued. And for that reason, we would ask you to affirm the conviction. Thank you. Do you wish to add anything? Thank you. The case just argued is submitted. We'll hear the next case, which is Fields v. Waddington. Thank you.
judges: Schroeder, Graber, Fisher